UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NOBLES,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS,<br><br>                    Defendant. | Civil No. 07cv1231 WQH(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 5]** |

Plaintiff John Nobles, a federal prisoner proceeding pro se, filed a personal injury Complaint in the Superior Court of California on March 28, 2007 [doc. no. 1]. He alleged that the U.S. Customs and Border Protection ("CBP") denied him medical care while he was in CBP custody. (Notice of Removal 4-6.)[1] Defendant removed the case to this Court on July 6, 2007. (Id. at 1.) Several months later, Plaintiff submitted a Request for Appointment of Counsel [doc. no. 5], which was filed nunc pro tunc to October 11, 2007. Defendant thereafter filed a Motion to Dismiss the

---

[1] Plaintiff's Complaint is attached to the Notice of Removal filed by Defendant. Because the Notice of Removal and attached Complaint are not consecutively paginated, the Court will cite to the Notice of Removal using the page numbers provided by the electronic case filing system.

Complaint [doc. no. 7], which was set to be heard by this Court on April 21, 2008. Plaintiff's Opposition to the Motion was due by April 7, 2008, see S.D. Cal. Civil L.R. 7.1(e)(2), but to date no opposition has been filed. On April 21, 2008, the Court found that the Motion was suitable for resolution on the papers without oral argument [doc. no. 8].

In support of his request for appointment of counsel, Nobles asserts the following: (1) He is currently incarcerated in federal prison and has little money; (2) he was placed in the Special Housing Unit ("S.H.U."), and therefore has limited access to information to use in prosecuting this case; and (3) he cannot obtain pro bono counsel because he is only allowed one phone call per month and has no other means of contacting attorneys. (Req. for Counsel 1-2.)

28 U.S.C. § 1915(e)(1) provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West Supp. 2006). Yet, "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994); Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir. 1990)). Federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in United States Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Nevertheless, district courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request attorney representation for

indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989).

> A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved."

Agyeman, 390 F.3d at 1104 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted)).  "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'"  Terrell, 935 F.2d at 1017 (quoting Wilborn, 789 F.2d at 1332).

**I.   Likelihood of Plaintiff's Success on the Merits**

To receive court-appointed counsel, Nobles must present a nonfrivolous claim that is likely to succeed on the merits. Wilborn, 789 F.2d at 1331.  In the Complaint, Plaintiff asserts that on February 22, 2007, an unnamed United States Customs agent refused a doctor's order granting Plaintiff medical attention. (Notice of Removal 5-6.)  Refusing to honor the Plaintiff's need for medical care left Nobles "permanently disabled for life." (Id. at 6.)  Following the refusal of medical care, Plaintiff claims the customs agent committed perjury in federal court by denying that he refused to give Plaintiff the proper medical assistance. (Id.) Plaintiff's Complaint purports to state two causes of action

1 arising under California law: negligence and perjury. (Id. at 3,
2 5.)
3    A plaintiff suing for negligence under California law must
4 allege four elements: a duty, a breach of that duty, proximate
5 cause, and damages. Berkley v. Dowds, 152 Cal. App. 4th 518, 526,
6 61 Cal. Rptr. 3d 304, 310-11 (Ct. App. 2007). By statute,
7 California imposes a duty on government employees who have custody
8 of prisoners to provide medical care to the prisoners when needed.
9 Cal. Gov't Code § 845.6. A government employee breaches that duty
10 when a prisoner "is in need of immediate medical care and [the
11 employee] fails to take reasonable action to summon such medical
12 care." Id.
13    For Plaintiff's negligence claim to succeed, Nobles must
14 demonstrate that the customs agent knew, or should have known, that
15 Plaintiff was in need of immediate medical care. Berkley, 152 Cal.
16 App. 4th at 526, 61 Cal. Rptr. 3d at 310-11. Plaintiff also needs
17 to prove that he suffered an injury, and that the injury was caused
18 by the custom agent's refusal to provide medical care. Id.
19    The Complaint alleges that Nobles suffered a "severe
20 disability for life" and "permanent disfigurement[,]" but it does
21 not provide any specific information about the type of injury he
22 suffered. (See Notice of Removal 5-6.) Furthermore, the Complaint
23 does not identify what doctor's orders the customs agent allegedly
24 refused to follow. (See id. at 6.) Without any specific factual
25 allegations, the Court cannot say there is a likelihood that
26 Plaintiff will succeed on the merits of his negligence claim.
27    Nobles likewise has not shown a likelihood of success on his
28 perjury claim. California law does not recognize a civil cause of

action for perjury. <u>Ting v. United States</u>, 927 F.2d 1504, 1515 (9th Cir. 1991) (citing <u>Agnew v. Parks</u>, 172 Cal. App. 2d 756, 765, 343 P.2d 118, 124 (Ct. App. 1959)). Perjury is only punishable as a criminal offense. <u>See</u> <u>People v. Garcia</u>, 39 Cal. 4th 1070, 1091, 141 P.3d 197, 210, 48 Cal. Rptr. 3d 75, 90 (2006) (listing the elements of the crime of perjury). Accordingly, Nobles's purported "perjury" claim is not likely to succeed on the merits. <u>See</u> <u>Kluth v. Bolduc</u>, 738 F. Supp. 329, 332 (E.D. Wis. 1990) (finding a claim without merit because it was precluded by law). Even if he could pursue a cause of action based on the custom agent's allegedly perjured statements, Nobles again fails to provide the Court with any specific facts to support his claim. He does not identify the federal court action in which these statements were made, nor does he identify the content of the statements. (<u>See</u> Notice of Removal 6.) Without any specific factual information, the Court cannot say at this point that Plaintiff will likely succeed on the merits of his case.

## II. **Plaintiff's Ability To Proceed Without Counsel**

To be entitled to appointed counsel, Nobles must also show he is unable to effectively litigate the case <u>pro se</u> in light of the complexity of the issues involved. <u>See</u> <u>Wilborn</u>, 789 F.2d at 1331.

Nobles claims he is unable to afford outside legal counsel, and the likelihood of being able to obtain pro bono counsel is minimal. (Req. for Counsel 1-2.) This argument is not compelling because indigence alone does not entitled a plaintiff to appointed counsel. Plaintiff further asserts that his placement in the S.H.U. burdens his ability to adequately conduct research and prepare his case. (<u>Id.</u>) He is only entitled to one phone call a

month. (Id. at 1.)  His placement in the S.H.U. also limits his access to legal materials necessary to pursue the case himself. (Id. at 1-2.)  Based on these facts, Plaintiff requests a court-appointed attorney. (Id. at 2.)

Although Nobles asserts that his access to legal materials is limited in the S.H.U., he has not presented any facts demonstrating that he is being denied "reasonable" access. See Lindquist v. Idaho State Bd. of Corrs., 776 F.2d 851, 858 (9th Cir. 1985). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Id. Plaintiff has not shown that he is denied reasonable access to a law library or other means of conducting legal research, or that he is subjected to burdens beyond those ordinarily experienced by pro se plaintiffs.

The Court recognizes that Plaintiff's litigation of the case thus far has not been perfect.  Nobles's pro se Complaint does not mention any of the elements of negligence, nor does he specify any facts underlying his claim beyond vague and conclusory allegations. This could suggest an inability adequately prepare court filings on his own behalf. See Rayes v. Johnson, 969 F.2d 700, 704 (8th Cir. 1992) (stating that inadequacy of the plaintiff's pro se complaint showed the case required attorney assistance).  But although Plaintiff's Complaint does not contain detailed allegations, these are not exceptional circumstances.  Nobles's difficulty, in part, stems from his desire to pursue a civil claim for perjury when one does not exist.  Nevertheless, his Complaint is adequate in form. Nobles was able to file an articulate Request for Appointment of

1  Counsel, suggesting at least some ability to navigate the legal
2  process.  See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)
3  (finding the district court did not abuse its discretion in denying
4  plaintiff counsel, in part because plaintiff adequately filed a
5  complaint and other pre-trial materials).
6     "[A]ny pro se litigant certainly would be better served with
7  the assistance of counsel."  Rand v. Rowland, 113 F.3d 1520, 1525
8  (9th Cir. 1997); see also Wilborn, 789 F.2d at 1331 ("[A] pro se
9  litigant will seldom be in a position to investigate easily the
10 facts necessary to support the case.").  But Plaintiff is only
11 entitled to appointed counsel if he can show "that because of the
12 complexity of the claims he [is] unable to articulate his
13 positions."  Rand, 113 F.3d at 1525.  Nobles has shown nothing in
14 the record which makes this case "exceptional" or the issues in it
15 particularly complex.  The "exceptional circumstances" required for
16 appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) are
17 absent.
18    Because Plaintiff has failed to demonstrate either a
19 likelihood of success on the merits of his claims or an inability
20 to represent himself (beyond the ordinary burdens encountered by
21 prisoners representing themselves pro se), Plaintiff's motion is
22 **DENIED** without prejudice.
23    **IT IS SO ORDERED.**
24
25 Dated: May 2, 2008                    _____
                                          Ruben B. Brooks
26                                        United States Magistrate Judge
27 cc:  Judge Hayes
       All Parties of Record
28