1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOHN NOBLES,                    )   Civil No. 07cv1231 WQH(RBB)
                                     )
12                 Plaintiff,        )   **REPORT AND RECOMMENDATION RE:**
                                     )   **GRANTING DEFENDANT'S MOTION TO**
13   v.                              )   **DISMISS PLAINTIFF'S COMPLAINT**
                                     )   **[DOC. NO. 7]**
14   U.S. CUSTOMS; DOES 1-3,         )
                                     )
15                 Defendants.       )
     _____)

16

17

18                          **I. <u>Introduction</u>**

19       Plaintiff John Nobles, a federal prisoner proceeding <u>pro se</u>,

20   filed a personal injury complaint on March 28, 2007, in the

21   Superior Court of California, County of San Diego [doc. no. 1].

22   The Defendants are the United States Department of Homeland

23   Security, United States Customs and Border Protection ("CBP"), and

24   three unnamed United States Customs agents, Does 1-3.  In his

25   Complaint, which was removed to federal court, Nobles alleges he is

26   permanently disabled and disfigured because an unnamed United

27   States Customs agent denied him medical

28

care while he was in custody. (Notice of Removal 4-6.)[1]  He asserts that on February 22, 2007,[2] a CBP agent who was escorting Plaintiff refused to follow doctor's orders, which left Nobles "injured beyond repair." (Id. at 6.)  He further claims that the agent signed a form indicating Plaintiff refused treatment, against Nobles's will. (Id.)

Defendant learned of this action when a copy of the Plaintiff's state court complaint was sent to CBP via certified mail on May 14, 2007.  (Notice of Removal 1; Def.'s Mem. P. & A. 4.)  Defendant then removed the case to this Court on July 6, 2007, because the civil action is against an agency of the United States. (Notice of Removal 1); see 28 U.S.C.A. § 1442 (West 2006).  Nobles thereafter submitted a Request for Appointment of Counsel [doc. no. 5], which was filed nunc pro tunc to October 11, 2007.

Several months later, CBP filed a Motion to Dismiss the Complaint [doc. no. 7] on February 26, 2008, which was set to be heard by this Court on April 21, 2008.  Plaintiff's opposition to Defendant's Motion to Dismiss was due by April 7, 2008, see S.D. Cal. Civil L.R. 7.1(e)(2), but as of the date of this Report and Recommendation, no opposition has been filed.  On April 21, 2008, this Court found the Motion to Dismiss was suitable for resolution

---

[1] Plaintiff's Complaint is attached to the Notice of Removal filed by Defendant.  Because the Notice of Removal and attached Complaint are not consecutively paginated, the Court will cite to the Notice of Removal using the page numbers provided by the electronic case filing system.

[2] It is not clear from the Complaint when the events complained-of occurred.  Although Nobles states that the incident occurred on February 22, 2007, the Complaint reflects that it was signed by Plaintiff on February 14, 2007.  In addition, Plaintiff's Statement of Damages is also dated February 14, 2007, and his Proof of Service affidavit was signed on February 16, 2007.

1  on the briefs without oral argument, pursuant to Civil Local Rule

2  7.1(d)(1) [doc. no. 8].

3      Thereafter, on May 2, 2008, this Court issued an Order Denying

4  Nobles's Motion for Appointment of Counsel [doc. no. 9], finding

5  there were no "exceptional circumstances" requiring appointment of

6  counsel pursuant to 28 U.S.C. § 1915(e)(1).  (See Order Den. Pl.'s

7  Mot. for Appointment of Counsel 7); 28 U.S.C.A. § 1915(e)(1) (West

8  2006).

9      In support of the Motion to Dismiss, CBP states the following:

10  (1) Nobles failed to serve a copy of the summons and Complaint on

11  the United States Attorney or the Attorney General of the United

12  States within 120 days of filing the Complaint; and (2) nothing in

13  the record indicates that good cause exists to excuse Plaintiff's

14  failure to effect proper, timely service in this case.  (Def.'s

15  Mem. P. & A. 4.)

16      For the reasons set forth below, the district court should

17  **GRANT** Defendant's Motion to Dismiss.

18  **II. Discussion**

19      CBP asserts that the case must be dismissed because Plaintiff

20  did not effect service within the time specified by Rule 4(m).

21  (Def.'s Mem. P. & A. 1-2.)  Defendant received notice of the

22  lawsuit while it was pending in state court, but it nevertheless

23  claims that Nobles failed to comply with the Federal Rules of Civil

24  Procedure because the summons and Complaint were not served on the

25  United States Attorney's Office or the Attorney General.  (Id. at

26  2.)

27      "[S]ervice of process is the means by which a court asserts it

28  jurisdiction over the person."  SEC v. Ross, 504 F.3d 1130, 1138

1    (9th Cir. 2007) (citing <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir.

2    1986)).  If a defendant is not properly served, the Court has no

3    power to issue a judgment against it unless the defendant waives

4    service or otherwise consents to the Court's jurisdiction.  <u>Id.</u> at

5    1138-39.

6    **A.    NOBLES DID NOT PROPERLY SERVE DEFENDANT IN STATE COURT PRIOR**

7    **TO REMOVAL.**

8         Because Nobles filed suit in San Diego Superior Court, he

9    needed to comply with California law relating to service.

10   California requires service of both the complaint and a summons.

11   Cal. Civ. Proc. Code § 410.50 (West 2008).  "[F]ulfilling the

12   statutory requirements of service of process -- i.e., service of a

13   summons -- is necessary to obtain personal jurisdiction over a

14   party." <u>Renoir v. Redstar Corp.</u>, 123 Cal. App. 4th 1145, 1150, 20

15   Cal. Rptr. 3d 603, 606 (Ct. App. 2004).

16        Section 415.30 of the California Code of Civil Procedure

17   states that a copy of the complaint <u>and</u> summons may be served by

18   mail.  <u>See</u> Cal. Civ. Proc. Code § 415.30(a) (West 2008).  Pursuant

19   to this section, service of a summons by mail is deemed complete on

20   the date a written acknowledgment of receipt of summons is

21   executed, if such acknowledgment is returned to the sender.  <u>Id.</u> §

22   415.30(c).  Service is not complete if the acknowledgment is not

23   returned.  <u>See id.</u> § 415.30(d).

24        Plaintiff attempted to serve Defendant in accordance with

25   California law.  His Complaint is accompanied by a proof of service

26   indicating that on February 15, 2007, Nobles mailed a copy of his

27   "Statement of Damages" to CBP.  (Notice of Removal 8.)  Although

28   the proof of service does not indicate that he also sent a copy of

                                4

his Complaint to Defendant, CBP's Notice of Removal states that on May 14, 2007, it received a copy of the Complaint via certified mail.  (See Notice of Removal 2; Def.'s Mem. P. & A. 4.)   In addition to being sent the Complaint on May 14, 2007, Defendant also received by mail a "Notice and Acknowledgment of Receipt" of summons.  (Notice of Removal 9.)

Even though Nobles mailed CBP a copy of the Complaint via certified mail, service was incomplete because CBP did not sign or return the Acknowledgment of Receipt to Plaintiff as required to complete service under section 415.30 of the California Code of Civil Procedure.  (See Notice of Removal 9); Cal. Civ. Proc. Code § 415.30.  Additionally, there is no evidence that Nobles served, or attempted to serve, a summons.  Notice of Plaintiff's Complaint is not sufficient; California law also requires service of a summons to confer personal jurisdiction.  Accordingly, Nobles failed to properly serve Defendant under California law.

**B.    THE FEDERAL RULES OF CIVIL PROCEDURE GOVERN SERVICE OF PROCESS AFTER REMOVAL.**

Service of process in cases removed to federal court is governed by 28 U.S.C. § 1448, which provides as follows:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C.A. § 1448 (West 2006) (emphasis added); see also City of Clarksdale v. Bellsouth Telecomm., 428 F.3d 206, 214 n.15 (5th Cir.

1  2005) ("Title 28 U.S.C. § 1448 permits cured service on a defendant

2  after removal.").

3      Because Defendant was not properly served under California law

4  while the case was in state court, Nobles was required to serve the

5  Defendant pursuant to the federal rules after the case was removed

6  to federal court on July 6, 2007.

7  **C.   PLAINTIFF DID NOT SERVE THE DEFENDANT IN COMPLIANCE WITH THE**

8      **FEDERAL RULES OF CIVIL PROCEDURE.**

9      For a federal court to obtain personal jurisdiction over a

10  defendant, the Ninth Circuit requires that service of process be in

11  "substantial compliance" with the service requirements specified by

12  Rule 4 of the Federal Rules of Civil Procedure.  <u>Jackson v.</u>

13  <u>Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir. 1982).  "[N]either actual

14  notice nor simply naming the defendant in the complaint will

15  provide personal jurisdiction without 'substantial compliance with

16  Rule 4.'"  <u>Benny</u>, 799 F.2d at 492 (quoting <u>Jackson</u>, 682 F.2d at

17  1347).  The Plaintiff is responsible for ensuring that the summons

18  and Complaint are served on each defendant within the time allowed

19  by Rule 4(m).  Fed. R. Civ. P. 4(c)(1).

20      **1. <u>Federal Rule of Civil Procedure 4(i)(1)</u>**

21      Federal Rule of Civil Procedure (4)(i)(1) details the

22  requirements for serving the United States.

23      (1) To serve the United States, a party must:

24          (A)(i) deliver a copy of the summons and of the
           complaint to the United States attorney for the district
25          where the action is brought -- or to an assistant United
           States attorney or clerical employee whom the United
26          States attorney designates in a writing filed with the
           court clerk -- or

27

28

6

1                            (ii) send a copy of each by registered or
certified mail to the civil-process clerk at the United
2      States attorney's office; [and]

3                        (B) send a copy of each by registered or certified
mail to the Attorney General of the United States at
4      Washington, D.C.; . . .

5  Fed. R. Civ. P. 4(i)(1).

6      In this case, Plaintiff did not serve the United States

7  Attorney or the Attorney General of the United States with a copy

8  of the Complaint and summons after removal.  Mary Wiggins is the

9  sole civil docket clerk authorized to accept service on behalf of

10  the United States Attorney for the Southern District of California

11  for matters handled by the civil division of the office.  (See

12  Decl. Of Mary Wiggins ¶¶ 2-3.)  In her Declaration [doc. no. 7-3],

13  she states that on February 26, 2008, she performed a "thorough,

14  careful, and diligent search of the records, suits, complaints, and

15  documents" and concluded that the United States Attorney's Office

16  had not been served with a summons and the Complaint in this

17  matter.  (Id. ¶ 4.)  That same day, Wiggins called the United

18  States Attorney General's Office in Washington, D.C., and she was

19  informed by the responsible clerk there that the United States

20  Attorney General also had not been served with the summons and

21  Complaint in this case.  (Id. ¶ 5.)

22     **2. Federal Rule of Civil Procedure 4(m)**

23      Federal Rule of Civil Procedure 4(m) sets a 120-day time limit

24  for service.

25           If a defendant is not served within 120 days after
the complaint is filed, the court -- on motion or on its
26     own after notice to the plaintiff -- must dismiss the
action without prejudice against that defendant or order
27     that service be made within a specified time.  But, if
the plaintiff shows good cause for the failure, the court

28

1  must extend the time for service for an appropriate
2  period.

3  Fed. R. Civ. P. 4(m).

4  In accordance with this rule, the Ninth Circuit has held,
5  "[A]n action against a defendant shall be dismissed without
6  prejudice if that defendant is not served with a copy of the
7  summons and complaint within 120 days after the filing of the
8  complaint, unless the plaintiff can show good cause why service was
9  not made within the 120 day period." Townsel v. County of Contra
10 Costa, 820 F.2d 319, 320 (9th Cir. 1987) (discussing Rule 4(j),
11 which was replaced by Rule 4(m) in 1993).

12 Although Rule 4(m) replaced former Rule 4(j) in the 1993
13 amendments to the Federal Rules of Civil Procedure, recent court
14 decisions still look to "good cause" as the starting point for
15 considering an extension. "The current rule requires a district
16 court to grant an extension of time if good cause is shown and
17 permits the district court to grant such an extension even absent
18 good cause." Mann v. Am. Airlines, 324 F.3d 1088, 1090 n.2 (9th
19 Cir. 2003) (citing Henderson v. United States, 517 U.S. 654, 662
20 (1996)). Similarly, in Efaw v. Williams, the court stated, "Rule
21 4(m), as amended in 1993, requires a district court to grant an
22 extension of time when the plaintiff shows good cause for the
23 delay. [citation] Additionally, the rule permits the district
24 court to grant an extension even in the absence of good cause."
25 Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing Mann,
26 324 F.3d at 1090 n.2)).

27 Defendant in this action removed the case to federal court on
28 July 6, 2007. As of April 21, 2008, the date CBP's Motion to

8

1    Dismiss was filed, over nine months had passed since removal to

2    federal court.  Nothing in the record demonstrates that Plaintiff

3    made any effort to serve the summons and Complaint on the Defendant

4    within the 120-day limit prescribed by Rule 4(m).[3]  <u>See</u> Fed. R.

5    Civ. P. 4(m).

6    **D.   A TIME EXTENSION SHOULD NOT BE GRANTED BECAUSE PLAINTIFF HAS**

7    **NOT SHOWN GOOD CAUSE FOR FAILING TO EFFECT TIMELY SERVICE.**

8         The time limitation contained in Federal Rule of Civil

9    Procedure 4(m) is not absolute.  <u>See</u> Fed. R. Civ. P. 4(m).  The

10   Court must extend the 120-day time period for service of process if

11   the Plaintiff can show "good cause" why service was not made within

12   that time.  <u>Id.</u>  Of course, even without good cause, the Court has

13   the discretion to grant an extension.  <u>Mann v. Am. Airlines</u>, 324

14   F.3d at 1090 n.2.  Before the 1993 amendment to the rule, the Ninth

15   Circuit held that an extension of time will not be granted "unless

16   the plaintiff can show good cause why service was not made within

17   the 120-day period."  <u>Townsel</u>, 820 F.2d at 320.  "At a minimum,

18   'good cause' means excusable neglect.  A plaintiff may also be

19   required to show the following:  (a) the party to be served

20   personally received actual notice of the lawsuit; (b) the defendant

21   would suffer no prejudice; and (c) plaintiff would be severely

22   prejudiced if his complaint were dismissed."  <u>Boudette v. Barnette</u>,

23   923 F.2d 754, 756 (9th Cir. 1991) (citing <u>Hart v. United States</u>,

24   817 F.2d 78, 80-81 (9th Cir. 1987)).

25

26

27        [3] Plaintiff's Complaint lists Does 1-3 as Defendants in addition to
     CBP.  There is no evidence that these individuals have been identified or
28   served, so the result is the same for all named and unnamed Defendants.

1    Prior caselaw is instructive on what constitutes good cause.
2    Ignorance of the rules is no excuse.  _Townsel_, 820 F.2d at 320.
3    The court explained, "To hold that complete ignorance of Rule 4[m]
4    constitutes good cause for untimely service would allow the good
5    cause exception to swallow the rule."  (_Id._)  Similarly, a failure
6    to read the Federal Rules of Civil Procedure does not constitute
7    good cause for extending the time for service.  _A.W. Reynolds v._
8    _United States_, 782 F.2d 837, 838 (9th Cir. 1986).

9    Additionally, a plaintiff's status as an unrepresented party
10   does not, by itself, establish good cause.  _Walker v. Sumner_, 14
11   F.3d 1415, 1422 (9th Cir. 1994) (_pro se_ prisoner did not show good
12   cause because he failed to prove that he directed the U.S. Marshal
13   to serve the defendant); _Boudette_, 923 F.2d at 757 (_pro se_
14   plaintiff failed to demonstrate good cause); _Kersh v. Derozier_, 851
15   F.2d 1509, 1512 (5th Cir. 1988) (_pro se_ plaintiff's ignorance of
16   Federal Rule of Civil Procedure 4(i) did not excuse compliance with
17   the rule).

18   The Federal Rules of Civil Procedure make it clear that the
19   plaintiff bears the burden of establishing good cause.  _See_ Fed. R.
20   Civ. P. 4(m).  In this case, the pleadings do not reveal any facts
21   that permit a finding of good cause for Nobles's failure to effect
22   proper, timely service.  Furthermore, even though Defendant mailed
23   a copy of the Motion to Dismiss the Complaint to Plaintiff on
24   February 26, 2008, Nobles has not filed an opposition to CBP's
25   Motion.  (_See_ Certificate of Service by Mail [doc. no. 7-4].)
26   Because Nobles has not met his burden of establishing good causes
27   to excuse his failure to serve Defendant, an extension of time is
28

07cv1231 WQH(RBB)

1    not required and should not be granted for Plaintiff to perfect

2    service of process.

3        "Courts have discretion under Rule 4(m), absent a showing of

4    good cause, to extend the time for service or to dismiss the action

5    without prejudice." Oyama v. Sheehan (In re Sheehan), 253 F.3d

6    507, 513 (9th Cir. 2001) (citing Petnicelli v. Bohringer &

7    Ratzinger, Gmbh, 46 F.3d 1298, 1305 (3d Cir. 1995)).  When deciding

8    whether to grant a discretionary extension of time, the Court may

9    consider factors such as "a statute of limitations bar, prejudice

10   to the defendant, actual notice of a lawsuit, and eventual

11   service." Efaw, 473 F.3d at 1041 (quoting Troxell v. Fedders of N.

12   Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)).

13       The facts of this case weigh strongly against granting a

14   discretionary extension of time.  Plaintiff has offered no

15   explanation for his failure to serve CBP, and there is no evidence

16   that Defendant attempted to evade service or took any other action

17   that contributed to Nobles's delay.  Additionally, because the

18   incident giving rise to this personal injury action allegedly

19   occurred on February 22, 2007, Nobles's Complaint will likely not

20   be barred by the two-year statute of limitations upon dismissal,

21   giving him an opportunity to re-file the Complaint and effect

22   proper service on Defendant.  (See Notice of Removal 6); Cal. Civ.

23   Proc. Code § 335.1 (West 2008) (providing a two-year statute of

24   limitations for personal injury actions).  Finally, Plaintiff's

25   failure to oppose Defendant's Motion to Dismiss undermines any

26   suggestion that the Court should exercise its discretion to grant

27   an extension of time.

28

07cv1231 WQH(RBB)

1

### III. **Conclusion**

2      Nobles has failed, without good cause, to effectuate proper

3  service on Defendant within the 120-day time period required by

4  Federal Rule of Civil Procedure 4(m).  In addition, the

5  circumstances required for a time extension are absent.

6  Accordingly, it is recommended that CBP's Motion to Dismiss should

7  be **GRANTED**, and Plaintiff's Complaint should be **DISMISSED** without

8  prejudice.

9      This Report and Recommendation will be submitted to the United

10 States District Court judge assigned to this case, pursuant to the

11 provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

12 objections with the Court and serve a copy on all parties on or

13 before August 15, 2008.  The document should be captioned

14 "Objections to Report and Recommendation."  Any reply to the

15 objections shall be served and filed on or before August 29, 2008.

16 The parties are advised that failure to file objections within the

17 specified time may waive the right to appeal the district court's

18 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19      **IT IS SO ORDERED.**

20

21 DATED:  July 15, 2008

22                                            Ruben B. Brooks
                                              United States Magistrate Judge

23 cc:  Judge Hayes
        All parties of record

24

25

26

27

28